IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BOHANNON THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-4284-CV-C-NKL |
| ) | Crim. No. 02-4022-01-CR-C-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Pending before the Court is Petitioner Bohannon Thompson's ("Thompson") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons stated below, this motion will be denied.

On August 1, 2003, Thompson entered a plea of guilty to the charge of distributing five grams or more of a mixture and substance containing cocaine base. On November 14, 2003, Thompson was sentenced to 100 months' imprisonment, to be followed by five years of supervised release.

Thompson now argues that his sentence was unconstitutionally based on facts not submitted to a jury and improperly found by the Court, and that his counsel was ineffective for failing to object at sentencing. Each of these grounds for relief is based on the Supreme Court's holdings in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and

1

*United States v. Booker*, 125 S. Ct. 738 (2005).[1]  Those cases, taken together, stand for the proposition that defendants have a right to a jury trial on any disputed fact that increases the maximum punishment for the crime of conviction.

Even if Thompson is correct that his sentence was improperly enhanced on the basis of judge-found facts, Thompson is not entitled to habeas relief on that ground, because the rule set forth in *Blakely* and *Booker* does not apply retroactively to cases on collateral review.  Although the Eighth Circuit has not considered the issue, the circuits that have are in agreement that *Blakely* and *Booker* do not apply retroactively in habeas cases.  *See Lloyd v. United States*, 407 F.3d 608, 613 (3rd Cir. 2005) ("Every federal court of appeals to have considered [the issue] . . . has held that *Booker* does not apply retroactively to cases on collateral review."); *see also Guzman v. United States*, 404 F.3d 139 at 143-44 (2nd Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Nor is Thompson entitled to habeas relief on the ground that his counsel failed to anticipate the Supreme Court's holding in *Blakely*.  To establish ineffective assistance, Thompson must demonstrate that his attorney's performance was deficient and outside the range of reasonable professional assistance.  *Bear Stops v. United States*, 339 F.3d

---

[1] It is not immediately apparent on the face of Thompson's petition that his ineffective assistance of counsel claim is based on his counsel's failure to raise the constitutional issues addressed in *Blakely*.  However, Thompson's Traverse reveals that his ineffective assistance claim is grounded in *Blakely*.  (Doc. 6, pp. 2-3.)

777, 780 (8th Cir. 2003), *cert. denied,* 540 U.S. 1094 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 689, 694 (1984)). Because Thompson's sentence was imposed prior to the *Blakely* decision, his counsel was not ineffective for failing to raise *Blakely* issues. "Counsel's failure to anticipate a change in existing law is not ineffective assistance of counsel." *Johnson v. Armontrout*, 923 F.2d 107, 108 (8th Cir. 1991). *Cf. Fuller v. United States*, 398 F.3d 644, 651 n.4 (7th Cir. 2005) (in dicta, rejecting the argument that counsel could be ineffective for failing to anticipate *Blakely*).

Accordingly, it is

ORDERED that Thompson's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: June 21, 2005
Jefferson City, Missouri